UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCIS GRADY,

        Petitioner,

v.                                                 Case No. 15-C-330

UNITED STATES OF AMERICA,

        Respondent.

**SCREENING ORDER**

On March 25, 2015, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted of arson and another count relating to his attempt to burn down a Planned Parenthood clinic in Grand Chute, Wisconsin.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. The petition itself is 117 pages long and purports to raise no fewer than 50 individual claims of error. The vast majority of these claims assert some sort of error (e.g.,

insufficiency of the evidence, abuse of judicial discretion, entrapment, prosecutorial misconduct, and the like), but in addition to the error alleged, each count also clothes the argument, at least cursorily, in terms of ineffective assistance of counsel. The reason for this approach is obvious: the Petitioner already had an appeal, which raised a single issue regarding the definition of maliciousness. As such, all of the substantive arguments he now raises have been waived, unless he can somehow shoehorn them into a claim for ineffective assistance, which is the kind of claim that may be brought in a § 2255 motion even if not brought in a direct appeal. *Reed v. Farley,* 512 U.S. 339, 354 (1994).

Here, it would be unjust to require the government to respond to the massive § 2255 motion merely because the Petitioner has used the magic words "ineffective assistance" in each of his claims. An ineffective assistance claim is a distinct legal claim requiring a defendant to establish deficient performance and then link it to real prejudice the defendant suffered. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, it is clear that the motion simply recites some fifty alleged errors, and then without explanation the claims make the unwarranted leap that each of these errors was *also* ineffective assistance of counsel. This does not comport with the Rules Governing Habeas Corpus Cases, which require particulars rather than broad generalizations. "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]" and to "state the facts supporting each ground.'" *Mayle v. Felix,* 545 U.S. 644, 649 (2005).

The motion to vacate will be denied without prejudice. The petitioner may file a motion to vacate that limits itself to *bona fide* claims of ineffective assistance or other error. Given that the Petitioner admitted attempting to burn down the Planned Parenthood building, the number of

2

potential issues is expected to be quite low.  This is especially true in light of the court of appeals' resolution of the sole legal issue on appeal, which makes it difficult to conceive of how counsel's performance was either deficient or how it would have prejudiced the Petitioner. *United States v. Grady,* 746 F.3d 846, 849 (7th Cir. 2014) ("Grady has failed to point to any cognizable legal justification for starting the fire at the Planned Parenthood facility.")  The standard § 2255 form is only seven pages long, and the Petitioner is directed to limit himself to that form.  Failure to follow these instructions may result in dismissal of the petition with prejudice.

The motion to vacate is **DENIED** without prejudice.  Petitioner may filed an amended motion to vacate, in accordance with this order, on or before April 21, 2015.

**SO ORDERED** this    30th    day of March, 2015.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court