UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANCIS GRADY,

          Petitioner,

v.                                           Case No. 15-C-330

UNITED STATES OF AMERICA,

          Respondent.

---

## DECISION AND ORDER DISMISSING AMENDED PETITION

---

On March 31, this court dismissed Petitioner's § 2255 motion without prejudice. In the dismissal order, I noted the extreme length of the petition and the unusual fact that it brought some 50 different claims (a typical petition brings one to four), most of which alleged ineffective assistance of counsel. I allowed the Petitioner to file an amended petition limiting himself to the court-provided form, noting that it would be unfair to require the government to respond to such a lengthy laundry list of claims.

Instead of following this court's directives, Petitioner filed an amended petition on the court's form but then appended fifty-six pages consisting of 46 additional claims, for the same total of 50 claims that this court noted in the first order. He also filed a "motion to alter or amend a judgment" in which he takes the court to task for mis-counting the number of pages in his petition, as well as the number of pages in the court's own form, which he notes is six pages, rather than the seven pages the court suggested. The generally disrespectful tone of the motion to amend is highlighted by the accusation that the court is "bullying" the petitioner by dismissing the petition

in an effort to whitewash or hide "bad marks" on its "performance." (ECF No. 7 at 18.)

The court's concerns about abuse of process are piqued by the additional fact that the Petitioner has now attempted to style his § 2255 petition as a "death penalty case," and has filed a "motion for stay of execution" on behalf of the unborn fetuses on whose behalf he purports to be suing. This case is not "about" abortion, however, it is about a conviction for arson committed at an abortion clinic. The Petitioner's political, religious and / or philosophical views about the question of abortion infect much of his petition, yet these are not questions that are germane to the narrow *factual* questions posed to the jury, much less the performance of his counsel or any other conceivable constitutional issues. For example, he alleges his attorney erred by not arguing that lighting a fire at the abortion clinic was an act of "ceremonial beneficence" that would have undercut the maliciousness finding. (ECF No. 5-1 at 1.) He further asserts it was ineffective assistance for counsel to fail to object to this court's observation that unborn fetuses were not considered persons under federal law, and thus a "defense of others" defense was not viable. (ECF No. 5-1 at 8.) In short, even if Petitioner's views on the controversial question of abortion were meritorious, they never posed a defense to the arson charge brought against him, and they are therefore inappropriate topics for a § 2255 motion. As the court of appeals has already noted, "Grady has failed to point to any cognizable legal justification for starting the fire at the Planned Parenthood facility." *United States v. Grady,* 746 F.3d 846, 849 (7th Cir. 2014). Simply put, the court will not allow a motion to vacate under § 2255 to become a vehicle for the petitioner's personal views, which do not impact the legal and factual questions conceivably at issue in such a motion.

Finally, the Petitioner has failed to correct the central error this court identified earlier,

which is that his ineffective assistance claims are pled summarily. Many of his claims recite an alleged legal error, but they do not even come close to identifying how counsel's performance was so deficient that his Sixth Amendment rights were violated. Petitioner fails to recognize, apparently, that the Constitution does not guarantee criminal defendants *perfect* representation. After the fact, probably every convicted defendant could point to things they wished their lawyers had done differently, but that does not mean the lawyer's conduct has sunk below the constitutional standards of *Strickland v. Washington,* 668 U.S. 687 (1984). The petitioner must show that his counsel's performance fell below the constitutional standards and that he was prejudiced as a result. 466 U.S. at 687. To satisfy the deficient performance prong, the petitioner has the burden to prove that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. There is a strong presumption that counsel's performance was reasonable and adequate. Given these standards, most counsel errors do not rise to the level of constitutionally deficient performance.

In sum, the letter and spirit of the rules governing § 2255 motions require petitioners to follow the essence of the form provided by the court, which, as Petitioner notes, is only six pages long. The form's length is not some arbitrary figure, but rather an expression of judicial experience based on what a typical motion would present. Such experience dictates that no § 2255 petitioner will ever *plausibly* have so many claims of error that his petition would exceed the form's length by a factor of ten. After all, the direct appeal is by far the primary means of correcting trial court errors, and here, the Petitioner raised but a single argument in his appeal. And principles of judicial economy and fairness dictate that neither the court nor the government can reasonably be expected to entertain a *pro se* petitioner's vanity filings in the fashion this Petitioner presumes. "We join the

3

numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief." *Adams v. Armontrout,* 897 F.2d 332, 333 (8th Cir. 1990).

In sum, the Petitioner will be granted one more opportunity to trim his petition, limiting it to *bona fide* matters alleging constitutional violations and, where appropriate, explaining why his counsel's performance was so deficient that it resulted in prejudice. The amended petition is **DISMISSED** without prejudice. A second amended petition may be filed on or before May 8, 2015. The motion to amend or correct is **DENIED**.

**SO ORDERED** this 15th day of April, 2015.

      /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court