UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCIS GRADY,

          Petitioner,

v.                                                                                     Case No. 15-C-330

UNITED STATES OF AMERICA,

          Respondent.

**SCREENING ORDER**

On March 31, this court dismissed Petitioner's § 2255 motion, without prejudice, due to its length and improper form. Petitioner has now used the correct form and brought four claims, which I address below.

**1. Claim 1**

First, Petitioner argues his appellate counsel was ineffective for failing to file a complete transcript that included all of the jury instructions. Specifically, he asserts that there was a discrepancy between how this court instructed the jury and the language of the indictment. This court told the jury: "To sustain the charge of Count 1, the government must prove . . . that the defendant attempted to damage or did damage, by means of fire, the property identified in the indictment." (Case No. 12_CR-177, ECF No. 93, Tr. 190 at 6-10.) In contrast, the indictment charges Grady with maliciously damaging the "building" known as Planned Parenthood, in Grand Chute, Wisconsin.

Grady asserts that the government only proved, at best, that he damaged "non-building property" rather than the building itself, which is what the indictment charges. He is wrong. The government offered undisputed evidence that the building itself was damaged. Mark Teper, the facilities manager for Planned Parenthood described the damage to the building as follows:

> The paint had boiled up on the walls and on the metal. The floor tile was melted, the room was soot covered, ceiling tiles were soot covered. There were some things in the room that had been exposed of, a chair that had been sitting just underneath the window and from the heat of the fire had melted the seat and melted some of the blinds into it.

(*Id.* at 52.) The walls, floor and ceiling are parts of the building.

The evidence would be sufficient even absent this testimony, however. As Grady concedes, the instruction includes the word "attempt," which is also a crime under 18 U.S.C. § 844(i): "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both." Thus, the jury could have found him guilty of attempted damage to the property described in the indictment even if there had been no evidence of damage to the building itself. Since the grand jury charged Grady with maliciously damaging a building, it necessarily charged him with *attempting* to damage a building. Rule 31(c)(1) of the Federal Rules of Criminal Procedure permits a verdict on "an offense necessarily included in the offense charged." Not surprisingly, defense counsel did not object to the instruction, and appellate counsel did not raise the issue on appeal. Since the issue is meritless, it was not ineffective assistance for counsel to fail to raise it.

Similarly, Grady argues the evidence was insufficient to convict him because the prosecutor

2

was "evasive" in response to this Court's question asking whether there was actual evidence of damage. Given the evidence cited above, the argument fails. But again, because Petitioner could have been convicted of the attempt, that does not matter.

Petitioner also argues this Court prejudiced the jury by telling the alternate juror that he might read about the verdict in the newspaper because "it sounds like it's that kind of case." (*Id.*, ECF No. 94 at 153.) This was offered as an alternative to the clerk calling him with the result, if he wanted to know. Petitioner does not explain why telling an alternate juror that the case might be newsworthy would have added any conceivable taint to the case, and thus it is unsurprising that counsel never objected or raised the matter on appeal.

Finally, Grady asserts that jurors could not reasonably infer that the Planned Parenthood purchased office supplies from outside the state. Here again, Grady's argument is belied by the record. Teper explicitly testified that Planned Parenthood purchased office supplies from national office supply stores and medical supplies from throughout the country. (ECF 93 at 58.) This Court instructed the jury that "you may find an effect on interstate commerce if you find that the business purchased medical and office supplies from outside the State of Wisconsin." (*Id.*, Tr. 190, 5-24.) Petitioner argues that the jury therefore had to find that Planned Parenthood purchased medical *and* office supplies from out of state, and because there were office supply stores within close range of the Planned Parenthood facility, it had no basis for so concluding.

This is another frivolous argument. Neither the indictment nor the statute has anything to do with office supplies. In the context of the trial, the purchase of office supplies was simply one way of demonstrating a relationship to interstate commerce. The jury "may" have found that the clinic purchased *both* medical and office supplies (*id.*), but it was not required to.

3

**2. Ground 2**

Grady alleges his counsel was ineffective at sentencing. First, he alleges that counsel should have prepared an independent presentence investigation report, but there is no suggestion that such a report would have made a difference. Certainly it is not ineffective assistance.

Second, he asserts that an earlier criminal case should not have been counted in the criminal history because it was based on a warrantless arrest. But a § 2255 proceeding is not the place to re-litigate an eleven-year-old state felony. There is no sound reason why the state charge should not have been considered.

Third, he claims counsel interfered with his right to plead guilty to count two, for intentional damage to the property of Planned Parenthood. He claims he wanted to plead guilty to intentionally damaging the building's window, while pleading not guilty to the arson charge alleged in count one. Count two required a showing of intent to damage property based on the fact that the facility was engaged in providing reproductive health services. Had Grady pled guilty to that charge, he would have been admitting an intent to cause property damage due to the nature of the business housed in the building. A jury would have had a difficult time believing that he did not attempt to cause damage to the same building by means of fire, as charged in count one.

**3. Ground 3**

Third, Petitioner claims the prosecution failed to turn over evidence favorable to the Petitioner. Specifically, he asserts the Department of Justice had a theory of imminence, set forth in a 2010 memo regarding Shaykh Anwar al-Aulaqi (a U.S. citizen killed in a drone strike in Yemen), that would have allowed Petitioner to argue that his actions in burning an abortion clinic were an effort to prevent an imminent threat against unborn lives. This does not state a claim. A

4

government's memorandum regarding a drone strike half-way around the world does not constitute "evidence" in a criminal action involving arson at a Wisconsin abortion clinic. The prosecution was in no way obligated to scour all government records and provide the Defendant with memoranda like the one referenced.

**4. Ground 4**

Finally, Petitioner asserts that the jury could not have found him guilty because he consistently denied wanting to burn the building down. He styles this claim, as he must, as an ineffective assistance claim, but it is unclear how counsel's performance is implicated. In any event, it is true that the Petitioner testified he did not want to burn the building "down," but that was not the charge. Instead, he admitted that he intended to burn the building. (*Id.*, Tr. 170.) That is enough evidence for the jury. In fact, given the circumstances of Grady breaking the building's window, pouring gasoline inside, and starting it on fire, the jury did not need to hear his testimony at all to reach the obvious conclusion. Petitioner's post-verdict explanations about funeral rites are merely quibbles with the obvious and overwhelming fact that he poured gasoline into a building and set it on fire.

For the reasons stated above, the petition is **DISMISSED**. The second motion to alter or amend a judgment [10] is **DENIED**. The Petitioner alleges this court is in league with prosecutors and a larger pro-abortion political movement designed to stifle his arguments, but Grady was convicted of setting fire to a building, not for his moral opposition to abortion. There is no persuasive reason to allow the Petitioner to file the kind of multi-count behemoth § 2255 action he apparently desires, particularly in light of the frivolous nature of the claims described above. The motion for stay of execution [3] is **DENIED**. A § 2255 motion is limited to a federal inmate's

5

challenge to his own conviction and sentence; it does not encompass victims of abortion or other third parties. 28 U.S.C. § 2255(a).

I do not find that reasonable jurists could debate the outcome of these proceedings, nor is there any denial of a significant constitutional right. Accordingly, a certificate of appealability is **DENIED** as well.

**SO ORDERED** this 18th day of May, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court